
UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTER BURNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>KESTELOOT,<br><br>    Defendant. | No. 2:20-cv-0400 DB P<br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's first amended complaint. For the reasons set forth below, the Court will recommend that the pleading be dismissed without leave to amend.

**I.  Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.  Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.

Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.     Plaintiff's Allegations**

This action arises from conduct occurring while plaintiff was a state inmate housed at California Medical Facility in Vacaville, California. He names Correctional Officer ("CO") Kesteloot as the sole defendant. Plaintiff seeks damages and injunctive relief.

Plaintiff's allegations, which are substantively identical to his original complaint, may be fairly summarized as follows:

On June 2, 2019, an inmate Jones, a Long Beach Crip, approached plaintiff angrily and asked why he told CO Kesteloot that "[inmate Jones] and [plaintiff] would not be able to get alone or work together." This statement suggested that plaintiff himself had ties to a gang, leading inmate Jones to say that he "should kill [plaintiff's] bitch ass." Plaintiff did not know inmate Jones and had never spoken to him before, but plaintiff knew that he would be assaulted if inmate Jones told the other Crips this false statement. Plaintiff was able to convince inmate Jones to accompany him to see CO Kesteloot.

2

When they approached CO Kesteloot, plaintiff asked why he was spreading lies that could get plaintiff killed. CO Kesteloot allegedly responded, "I was just playing." Angry that his life was placed in danger, plaintiff complained to CO Kesteloot's boss, who immediately spoke to CO Kesteloot. Afterward, the defendant yelled at plaintiff, "Burnett, squash that, don't speak of that again." Plaintiff responded that he is particularly vulnerable because of a back injury and fused neck and that he would tell everyone what CO Kesteloot did.

Plaintiff filed an inmate grievance regarding CO Kesteloot's conduct. While CO Kesteloot was found to have violated unspecified institutional regulations, plaintiff's grievance was ultimately denied at the third level of review on November 21, 2019.

## IV.   Discussion

In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) was objectively, sufficiently serious, and (2) the official was deliberately indifferent to inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. A prison official need not "believe to a moral certainty" that an inmate is at risk of harm "before [he] is obligated to take steps to prevent such an assault," but "he must have more than a mere suspicion that an attack will occur." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted). "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted). The obviousness of the risk may be sufficient to establish knowledge. See Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). The prisoner may demonstrate that the risk was obvious due to the prisoner's personal characteristics or conditions within the prison. See Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1078 (9th Cir. 2013).

As plaintiff was previously informed, his failure-to-protect claim against CO Kesteloot fails because, by plaintiff's own admission, the defendant's intentions were thwarted by plaintiff. In other words, plaintiff does not allege any injury from CO Kesteloot's false statement to inmate Jones. Having suffered no injury, plaintiff does not state a cognizable claim. See Ruiz v. Price, 84 F. App'x 393, 395 (5th Cir. 2003) (failure-to-protect claim not cognizable when no injury alleged); Jones v. Hildreth, 2014 WL 2003043, at *4 (E.D. Cal. May 15, 2014) (because the plaintiff demonstrated no injury, he failed to state a failure-to-protect claim); Mitchell v. Washington, 2019 WL 2005916, at *3 (E.D. Mich. May 7, 2019) ("To state a failure-to-protect claim, a plaintiff must allege physical injury."); South v. Walker, 2014 WL 5090625, at *2 (S.D. Miss. Oct. 9, 2014) (dismissing failure-to-protect claim because the plaintiff "suffered no injury as a result of the alleged failure").

While plaintiff seeks to have Kesteloot "punished" for the "malice and sadistic intent" he exhibited towards plaintiff by telling inmate Jones that he and plaintiff would "not be able to get alone or work together," plaintiff is once again informed that this defendant's motivation, without attendant physical injury to plaintiff, is insufficient to proceed. Accordingly, this claim must be dismissed without leave to amend.

**V.   Conclusion**

Plaintiff's first amended complaint fails to state a claim on which relief may be granted. The undersigned finds that further amendment in this case would be futile. The Court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, it is HEREBY ORDERED that the Clerk of Court assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

1    These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  March 15, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/burn0400.scrn 1AC